# SULLIVAN,

## JULY TERM, A. D. 1845.

---

## LAMBERTON *v.* FREEMAN, Admr., Apt.

Where a note on which an intestate was surety had been presented to the commissioners of insolvency and allowed against his estate, and the allowance remained upon the list of claims, which was accepted by the judge of probate, and a dividend was subsequently declared and paid upon the claim as allowed ;—*Held*, that the administrator was not entitled to place the claim in set-off against a claim made by the principal on account of another note which he had paid, on which the intestate was principal and he was a surety, notwithstanding it appeared that the administrator, after the allowance of the first note against the estate, had procured it for the purpose of a set-off under an agreement that he would pay the amount of the dividend on it.

APPEAL from the decision of the commissioners of insolvency on the estate of Francis S. Clark deceased.

On the 15th of January 1842 Clark borrowed of C. Flanders $400, and gave a note on ninety days, signed by himself and Lamberton as surety. Clark died April 5, 1842, and later in the same day Lamberton paid the note to Flanders and took it up. After its maturity he assigned all his claim against Clark's estate to William H. Farwell, for whose benefit this claim is prosecuted. The claim was presented to the commissioners at their second meeting, July 30, 1842, and the administrator claimed a set-off upon certain notes produced by him under the following circumstances :

At the time of Clark's death there were three notes

outstanding signed by Lamberton and Clark, on which there was then due in all $440. These notes was on demand with interest, and were on their face joint and several promises, but in fact were signed by Clark as surety. Two of them were payable to Enos Spaulding and one to Daniel D. Freeman. Before Farwell's claim was presented to the commissioners, these notes had been presented and allowed by them in favor of the holders. Edward Freeman the administrator afterward applied to Spaulding and D. D. Freeman, saying to one of them that he wished " to take up the notes as administrator," and to the other that he "wished to purchase the claim," stating in both cases that he wanted to use the notes in set-off against claims presented or about to be presented in Lamberton's name; and he agreed to pay for the same, on the dollar, as much as the creditors should receive on Clark's estate; to which these creditors assented and delivered the notes to him. When Farwell's claim was presented, the administrator objected to its allowance unless the other notes which he then presented and claimed to hold as administrator were deducted, but he exhibited no evidence of such ownership other than the possession of the notes which were not indorsed by the payees.

The commissioners declined to make the set-off, and allowed the claim of Farwell in Lamberton's name. Their report embracing the claims allowed to Spaulding and D. D. Freeman, was accepted by the judge of probate June 23, 1843, and this appeal was taken.

On the 1st of June 1844 the administrator presented his first account for settlement in the probate court, in which he made no charge for paying the notes to Spaulding and D. D. Freeman. A dividend of fifty cents on the dollar was ordered to be paid on their claims along with the others which had been paid. No appeal was taken from that decree.

Upon the foregoing facts a verdict was taken in the court of common pleas, by consent, for the appellee, subject to the opinion of this court.

*T. Leland*, for the appellant.

*P. C. Freeman*, for the appellee.

PARKER, C. J. No objection has been taken that Lamberton paid the note to Flanders before it became due, and that fact would probably constitute no bar to the claim of Farwell as assignee. Clark was dead at the time of the payment. If the administrator was appointed before the date of the maturity, he made, so far as appears, no attempt to pay the amount; and under these circumstances if Lamberton was claiming the amount with no other objection than the fact that he paid before maturity, it does not appear that it would avail to defeat the claim. How it might have been if Clark had lived until after the note became due, so that he could have made provision for the payment of it at maturity but for the previous payment by the surety, need not be considered. Lamberton did not assign his claim against the estate to Farwell until after the time, of the maturity of the note.

Farwell took as assignee subject to all equities, and if the administrator had paid the notes to Spaulding and D. D. Freeman on which Clark was surety for Lamberton before the presentation of the claim by Farwell, there seems to be no reason why the amount paid should not have been set-off against the claim of Lamberton in the hands of Farwell.

But the claims of Spaulding and D. D. Freeman were regularly allowed as debts due them from the estate of Clark, and notwithstanding the administrator agreed to purchase or take them up, it was only upon the consideration of paying the dividend on them, and they have

remained standing as claims against the estate embraced in the list reported by the commissioners and accepted by the judge, and moreover a dividend has since been decreed and paid on them as on other claims against the estate. They can not be treated as debts which have been paid, by reason of which payment the estate has a claim against Lamberton, at the same time that they are existing debts against the estate and treated as such. While they existed as debts against the estate unpaid, there was no debt due from Lamberton to the estate. As existing claims against Clark's estate they furnished no ground of set-off when this appeal was taken. If the administrator had paid them they would have ceased to be debts due from the estate and should have been stricken from the list of claims.

Under the existing circumstances there was no time when the administrator or the estate had any right of action or claim against Lamberton for money paid by reason of these notes, until the payment of the dividend. The estate must take such remedy as may be had against Lamberton, and the case may appear to be a hard one. It would have been but equitable as between Clark's estate and Lamberton that the different claims should have been set against each other, if they had been in a situation to authorize the court to make the set-off; and a proceeding in equity might perhaps have reached the case.

*Judgment on the verdict.*